COURT OF APPEALS
DECISION
DATED AND FILED

February 5, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP182-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF453

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JACOB T. ROBINSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jacob T. Robinson appeals a judgment convicting him of first-degree sexual assault of a child under the age of thirteen and incest with a child. He also appeals an order denying his postconviction motion. Robinson contends that his trial counsel performed deficiently by failing to object to: (1) the admission of a video-recorded forensic interview of the victim, Susan[1] without the circuit court conducting the statutorily required hearing under WIS. STAT. § 908.08(3)(a)2; (2) a prosecutor's question to a detective regarding whether Robinson offered any explanation for why Susan would fabricate her allegations, which Robinson contends shifted the burden of proof; and (3) the prosecutor's remarks during closing arguments that Susan's testimony was uncontradicted, which Robinson asserts amounted to an improper comment on his choice not to testify. We affirm.

¶2 Robinson was arrested and charged with five counts of sexual assault involving Susan for acts that occurred between late 2018 and early 2019. At trial, the State presented Susan's testimony and a video-recorded forensic interview in which she described the assaults. The defense challenged Susan's credibility, highlighting inconsistencies in her accounts. The jury convicted Robinson on two counts and acquitted him on three. He was sentenced to three years of initial confinement and nine years of extended supervision for the incest conviction, and a consecutive twenty-year term of probation for the first-degree sexual assault conviction.

---

[1] We refer to the victim in this case by the pseudonym consistent with the policy set forth in WIS. STAT. § 809.86(1) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3      Following his conviction, Robinson filed a postconviction motion alleging ineffective assistance of counsel. After a hearing, the circuit court denied the motion, concluding that counsel's performance was not deficient and that Robinson had not shown prejudice. Robinson then filed this appeal.

¶4      Robinson first argues that his trial counsel was ineffective for failing to object to the admission of Susan's video-recorded forensic interview, asserting that the circuit court did not conduct an "interests of justice" hearing required by WIS. STAT. § 908.08(3)(a)2.

¶5      To establish ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Performance is deficient if it falls below an objective standard of reasonableness under prevailing professional norms, considering all the circumstances. *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695. Prejudice requires showing a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the trial's result. *Id*.

¶6      It is undisputed that Susan's forensic interview was introduced at trial without the circuit court conducting the WIS. STAT. § 908.08(3)(a)2 "interests of justice" hearing. That provision requires the court to evaluate whether the interview meets the statute's admissibility requirements, including whether admitting it serves the interests of justice when the child is twelve years or older at the time of trial. Trial counsel acknowledged that she overlooked this requirement

3

because Susan had just turned twelve and counsel did not recognize the impact of the change in her age.

¶7 Robinson cannot prevail on his argument that counsel was ineffective because he has not shown prejudice—specifically, that there is a reasonable probability the video would have been excluded had counsel asked for, or objected to the lack of, a hearing.

¶8 The record provides overwhelming support for the video's admissibility under factors in WIS. STAT. § 908.08(3)(a)2, including Susan's age, the emotional strain of testifying, and the reliability of her recorded statement. Susan was twelve at trial and would likely have experienced more emotional stress if required to provide more lengthy testimony. Allowing the video into evidence minimized that stress while still allowing for cross-examination. Her forensic interview showed clear circumstantial guarantees of trustworthiness. Susan, then ten-years old, showed that she understood the difference between truth and falsehood, took an oath, and gave detailed accounts that reflected her personal knowledge. The interview was conducted soon after the incidents in a formal forensic setting, further supporting its reliability. *See **State v. Sorenson**,* 143 Wis. 2d 226, 245-46, 421 N.W.2d 77 (1988). Additionally, Susan's close relationship with Robinson and the lack of evidence of a motive to fabricate supported her credibility. *See **State v. Huntington***, 216 Wis. 2d 671, 688, 575 N.W.2d 268 (1998).

¶9 In summary, Robinson cannot meet the ***Strickland*** prejudice requirement because there is no reasonable probability that the video would have been excluded even if counsel had objected. His ineffective assistance claim on this point therefore fails.

¶10 Robinson next argues that trial counsel was ineffective for failing to object when the prosecutor asked a police officer whether Robinson had provided any explanation for why Susan would fabricate her allegations. The officer responded that Robinson had not offered a reason. Robinson contends this line of questioning improperly implied that he bore the burden of disproving Susan's claims. *See* **State v. Jaimes**, 2006 WI App 93, ¶21, 292 Wis. 2d 656, 715 N.W.2d 669 (stating that the State may not suggest that the defendant's failure to testify demonstrates guilt).

¶11 Robinson's argument is unavailing. Counsel testified at the postconviction hearing that she considered the full interview beneficial to the defense because it showed Robinson's reluctance to call Susan a liar while maintaining his innocence. She thought the jury would positively perceive the sympathetic manner in which he handled the question. Courts ordinarily defer to counsel's strategic decisions when they are consistent with the defense theory. **Strickland**, 466 U.S. at 689.

¶12 Moreover, the jury received repeated instructions on the State's burden of proof. The circuit court explicitly informed jurors that Robinson was presumed innocent and did not have to prove anything. Defense counsel emphasized during closing arguments that the burden rested solely on the State. These instructions and the comments in closing dispelled any potential misunderstanding caused by the prosecutor's question. We therefore reject Robinson's ineffective assistance claim on this issue.

¶13 Finally, Robinson argues that trial counsel was ineffective for not objecting to the prosecutor's statements during closing argument that Susan's

testimony was not contradicted, which he asserts was an impermissible reference to his decision not to testify and an improper shifting of the burden of proof.

¶14 The Wisconsin Supreme Court has explained that a prosecutor's comments are improper only if they are "manifestly intended" or are "of such character" that the jury would necessarily understand them as a reference to the defendant's silence. *State v. Hoyle*, 2023 WI 24, ¶29, 406 Wis. 2d 373, 987 N.W.2d 732. The court further noted that commentary on uncontradicted evidence is permissible so long as it addresses the evidence itself rather than the defendant's choice not to testify.

¶15 Here, the prosecutor's comments were aimed at the evidence and Susan's credibility, not at Robinson's decision to remain silent. The prosecutor underscored the consistency between Susan's trial testimony and her prior statements to argue that her account remained unchallenged by contrary evidence—whether from other witnesses or any other source. Because these remarks did not improperly highlight Robinson's silence or shift the burden of proof, we reject his claim of error on this basis.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.